## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| BRIAN J. KAREM,<br><br>    *Plaintiff*,<br><br>v.<br><br>DONALD J. TRUMP, in his official capacity as President of the United States and in his individual capacity; and STEPHANIE GRISHAM, in her official capacity as White House Press Secretary and in her individual capacity,<br><br>    *Defendants*. | **Case No.**<br><br>**EMERGENCY HEARING REQUESTED** |

### PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER

Plaintiff Brian J. Karem hereby requests, pursuant to Fed. R. Civ. P. 65(b) and Local Rule 65.1, that this Court issue a temporary restraining order requiring Defendants to rescind the suspension of Mr. Karem's White House press hard pass and immediately restore Mr. Karem's hard pass to him. Alternatively, Plaintiff requests that this Court, at a minimum, require Defendants to restore Mr. Karem's hard pass pending due process, including but not limited to an opportunity for Mr. Karem to respond to the allegations underlying the suspension of his hard pass before a neutral arbiter, and a formal written decision.

A temporary restraining order is warranted here. Plaintiff is likely to succeed in establishing that Defendants have violated, and continue to violate, Plaintiff's rights under the First and Fifth Amendments of the U.S. Constitution. The law is clear: As the D.C. Circuit has held, "the protection afforded newsgathering under the first amendment guarantee of freedom of the press requires that this access [to White House press facilities] not be denied arbitrarily or for less than compelling reasons." *Sherrill v. Knight*, 569 F.2d 124, 129 (D.C. Cir. 1977). "[N]otice

. . . of the factual bases for denial [of access to White House press facilities] with an opportunity to rebut is a minimum prerequisite for ensuring that the denial is . . . [not] based on arbitrary or less than compelling reasons." *Id*. at 131. And a White House press pass may only be suspended based on "explicit and meaningful standards" that have been "publish[ed]" so as to afford fair notice to reporters, and to avoid arbitrary or discriminatory punishments. *Id*. The government complied with none of these safeguards here, stripping Karem of his hard pass and White House access for the alleged violation of unpublished purported standards, without a fair opportunity to rebut the charges against him, and without any "compelling reason" that justifies the suspension in violation of the First Amendment and the Due Process Clause.

The harm is immediate and ongoing. The Defendants continue to violate Plaintiff's rights. Every day that passes without Karem regaining his hard pass is a concrete injury. *See Elrod v. Burns*, 427 U.S. 347, 373 (1976) (plurality opinion) ("The loss of First Amendment 'freedoms' . . . unquestionably constitutes irreparable injury."); *Pursuing Am.'s Greatness v. Fed. Elec. Comm'n*, 831 F.3d 500, 511 (D.C. Cir. 2016) (First Amendment violations "for even minimal periods of time" constitute irreparably injury).

The parties have agreed to a briefing and hearing schedule as follows: Defendants' response to Plaintiff's Motions for a Temporary Restraining Order and Preliminary Injunction will be filed by August 23, 2019; Plaintiff's reply will be filed by August 26, 2019, and the parties agree to a hearing on August 27 or August 28, 2019 or as soon thereafter as the Court's schedule permits, except for August 29 and 30, 2019, when counsel for the parties are unavailable.

This Court should issue a temporary restraining order to preserve the rights of the parties pending a resolution of this matter on the merits. As explained at greater length in the

accompanying memorandum, the balance of equities and the public interest favor granting the temporary restraining order.  Plaintiff therefore requests that this Court issue a temporary restraining order immediately requiring Defendants to rescind the suspension of Karem's hard pass and restore the pass to him until Plaintiff's motion for a preliminary injunction is decided.

Dated:  August 20, 2019

Theodore J. Boutrous, Jr., (D.C. Bar No. 420440)
**GIBSON, DUNN & CRUTCHER LLP**
333 South Grand Ave.,
Los Angeles, California 90071
Tel:  (213) 229-7804
tboutrous@gibsondunn.com

Thomas H. Dupree Jr. (D.C. Bar No. 467195)
**GIBSON, DUNN & CRUTCHER LLP**
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036
Tel:  (202) 955-8547
tdupree@gibsondunn.com

Anne Champion (*pro hac vice forthcoming*)
**GIBSON, DUNN & CRUTCHER LLP**
200 Park Avenue
New York, New York 10166-0193
Tel:  (212) 351-5361
achampion@gibsondunn.com

*Counsel for Plaintiff Brian J. Karem*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

BRIAN J. KAREM,

     *Plaintiff,*

v.

DONALD J. TRUMP, in his official capacity as
President of the United States and in his individual
capacity; and STEPHANIE GRISHAM, in her
official capacity as White House Press Secretary and
in her individual capacity,

     *Defendants.*

Case No.

## PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION

Plaintiff Brian J. Karem hereby requests, pursuant to Fed. R. Civ. P. 65(a) and Local Rule

65.1, that this Court issue a preliminary injunction requiring Defendants to rescind the

suspension of Karem's White House hard pass and restore Karem's hard pass to him.

Alternatively, Plaintiff requests that this Court, at a minimum, issue a preliminary injunction

requiring Defendants to restore Karem's hard pass pending due process, including but not limited

to an opportunity for Mr. Karem to respond to the allegations underlying the suspension of his

hard pass before a neutral arbiter, and a formal written decision.

A preliminary injunction is warranted here.  Plaintiff is likely to succeed in establishing

that Defendants have violated, and continue to violate, Plaintiff's rights under the First and Fifth

Amendments of the U.S. Constitution.  The law is clear:  As the D.C. Circuit has held, "the

protection afforded newsgathering under the first amendment guarantee of freedom of the press

requires that this access [to White House press facilities] not be denied arbitrarily or for less than

compelling reasons." *Sherrill v. Knight*, 569 F.2d 124, 129 (D.C. Cir. 1977).  "[N]otice . . . of

the factual bases for denial [of access to White House press facilities] with an opportunity to rebut is a minimum prerequisite for ensuring that the denial is . . . [not] based on arbitrary or less than compelling reasons." *Id*. at 131.  And A White House press pass may only be suspended based on "explicit and meaningful standards" that have been "publish[ed]" so as to afford fair notice to reporters, and to avoid arbitrary or discriminatory punishments. *Id*.  The government complied with none of these safeguards here, stripping Karem of his hard pass and White House access for the alleged violation of unpublished purported standards, without a fair opportunity to rebut the charges against him, and without any "compelling reason" that justifies the suspension in violation of the First Amendment and the Due Process Clause.

The harm is immediate and ongoing.  The Defendants continue to violate Plaintiff's rights.  Every day that passes without Karem regaining his hard pass is a concrete injury. *See Elrod v. Burns*, 427 U.S. 347, 373 (1976) (plurality opinion) ("The loss of First Amendment 'freedoms' . . . unquestionably constitutes irreparable injury."); *Pursuing Am.'s Greatness v. Fed. Elec. Comm'n*, 831 F.3d 500, 511 (D.C. Cir. 2016) (First Amendment violations "for even minimal periods of time" constitute irreparably injury).

This Court should issue a preliminary injunction to preserve the rights of the parties pending a resolution of this matter on the merits.  As explained at greater length in the accompanying memorandum, the balance of the equities and the public interest favor granting an injunction.  Plaintiff therefore requests that this Court issue an injunction requiring Defendants to rescind the suspension of Karem's credentials and restore the pass to him, or, at a minimum, to restore Karem's hard pass until Defendants afford him appropriate process.

Dated: August 20, 2019

Theodore J. Boutrous, Jr., (D.C. Bar No. 420440)
**GIBSON, DUNN & CRUTCHER LLP**
333 South Grand Ave.,
Los Angeles, California 90071
Tel:  (213) 229-7804
tboutrous@gibsondunn.com

Thomas H. Dupree Jr. (D.C. Bar No. 467195)
**GIBSON, DUNN & CRUTCHER LLP**
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036
Tel:  (202) 955-8547
tdupree@gibsondunn.com

Anne Champion (*pro hac vice forthcoming*)
**GIBSON, DUNN & CRUTCHER LLP**
200 Park Avenue
New York, New York 10166-0193
Tel:  (212) 351-5361
achampion@gibsondunn.com

*Counsel for Plaintiff Brian J. Karem*