IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BRIAN KAREM,<br><br>           Plaintiff,<br><br>    v.<br><br>DONALD J. TRUMP, in his official capacity as President of the United States and in his individual capacity; and STEPHANIE GRISHAM, in her official capacity as White House Press Secretary and in her individual capacity,<br><br>           Defendants. | Case No. 1:19-cv-02514-KBJ |

**RESPONSE TO DEFENDANTS' NOTICE**

Brian Karem respectfully submits this response to Defendants' shifting story concerning the "statement" they claim to have obtained from a Secret Service agent who witnessed the events in the Rose Garden on July 11, 2019.  *See* Notice (ECF No. 25).

Like the Court, Mr. Karem had understood Defendants' repeated mentions of the "statement" from the Secret Service agent as referring to some sort of written report—either a formal incident report, a declaration, or an informal email or summary of what had happened. *See, e.g.*, Boutrous Decl. Ex. 10 at 2 n.9 ("I have relied on the Secret Service agent's statement"); Compl. ¶ 60 ("At that meeting, the deputy White House counsel informed Karem's counsel that Grisham intended to rely on a witness statement obtained from a Secret Service official who observed the July 11 events.");  Opp. Br. at 32 ("Plaintiff also complains that he was not provided the complete statement and identity of the Secret Service agent who intervened"); *id.* at 33 ("[t]he Press Secretary also relied on the agent's statement").  This morning, however,

Defendants revealed that what they meant by a "statement" was actually the notes taken by the attorney in the White House counsel's office who interviewed the agent.

This change of position does not mitigate the due process problem—indeed by leaving the misimpression with Mr. Karem and the Court that they had obtained a "statement" when they really had not done so makes the problem even worse.  Moreover, Defendants have never claimed the notes are privileged.  Nor could they.  "[S]ubstantially verbatim witness statements contained in interview memoranda that have not been 'sharply focused or weeded' by an attorney" are considered "'fact' rather than 'opinion' work-product" and are subject to discovery when need is shown.  *United States ex rel. Landis v. Tailwind Sports Corp.*, 303 F.R.D. 419, 425 (D.D.C. 2014) (interview memoranda discoverable where "statements given to FBI agents and other criminal investigators—much like the witnesses' sworn grand jury testimony discussed below—are critical sources of evidence for *both* sides" (emphasis in original)).  To the extent any portion of the attorney's notes contain "opinion" work product, such portions could have been redacted.

Even if the notes had been privileged, the White House's selective disclosure—relying on portions of the notes they deem helpful to their case—vitiated the privilege.  *See Baylor v. Mitchell Rubenstein & Assocs., P.C.*, 2015 WL 4624090, at *2 (D.D.C. July 31, 2015), *aff'd*, 857 F.3d 939 (D.C. Cir. 2017).  Defendants disclosed what they claim to be the contents of the agent's account in both their letter suspending Mr. Karem's hard pass, *see, e.g.*, Boutrous Decl. Ex. 10 at 2 n.9, 4, and before this Court, *see* Opp. Br. at 33.  And even if Defendants could claim work-product privilege in the notes, that qualified privilege would be overcome by the substantial need for this critical piece of evidence before the suspension and because Mr. Karem has no other way to obtain the unidentified agent's account.  *See* Fed. R Civ. P. 26(b)(3)(A).

Dated: August 28, 2019                                   Respectfully submitted,

/s/ Theodore J. Boutrous, Jr.
Theodore J. Boutrous, Jr., (D.C. Bar No. 420440)
**GIBSON, DUNN & CRUTCHER LLP**
333 South Grand Ave.,
Los Angeles, California 90071
Tel: (213) 229-7804
tboutrous@gibsondunn.com

Thomas H. Dupree, Jr. (D.C. Bar. No. 467195)
**GIBSON, DUNN & CRUTCHER LLP**
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036
Tel: (202) 955-8547
tdupree@gibsondunn.com

Anne Champion (*pro hac vice forthcoming*)
**GIBSON, DUNN & CRUTCHER LLP**
200 Park Avenue
New York, New York 10166-0193
Tel: (212) 351-5361
achampion@gibsondunn.com

*Counsel for Plaintiff Brian Karem*