**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| BRIAN KAREM,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>DONALD J. TRUMP, in his official capacity as President of the United States and in his individual capacity; and STEPHANIE GRISHAM, in her official capacity as White House Press Secretary and in her individual capacity,<br><br>　　　　Defendants. | Case No.:  19-cv-2514 (KBJ) |

### DEFENDANTS' RESPONSE TO PLAINTIFF'S NOTICE

　　Defendants respectfully submit this response to Plaintiff's August 28, 2019 Notice, ECF No. 26.

　　In that notice, Plaintiff referred to "Defendants' shifting story" concerning a "statement" by a Secret Service agent, and imply that Defendants have caused a "misimpression." *Id.* at 1, 2. Defendants have done no such thing.  Plaintiff asserts that he "had understood" that term to "refer[] to some sort of written report – either a formal incident report, a declaration, or an informal email or summary of what had happened." *Id.* at 1.  But there is no basis for that "understanding" beyond Plaintiff's own speculation.   The Press Secretary repeatedly made clear that the agent's information came from an "interview" with the agent. *See, e.g.*, Final Decision at 4 ("*In an interview*, the Secret Service agent explained that he approached and intervened during Mr. Karem's exchange with Mr. Gorka because he believed there was a risk of a physical altercation.") (emphasis added); *id.* at 4 n.27 ("The facts in this paragraph are the only ones that came solely from the *interview* of the Secret Service agent.") (emphasis added); *id.* at 10 ("Where there was

one interaction that was potentially relevant but could not be heard on any of the videos – the Secret Service agent's interaction with Mr. Karem – the Secret Service agent was *interviewed*.") (emphasis added).  Defendants said the same in their brief.  *See* Defs.' Mem. Supp. Opp'n at 33, ECF No. 15.  And if any doubt remained, it was dispelled by the following colloquy at Tuesday's hearing, which began with the Government conveying its understanding that no written statement exists:

> THE COURT: Is there a formal report he created?
>
> MR. BURNHAM: My understanding is that there's not.
>
> THE COURT: Okay. Is there any sort of written statement?
>
> MR. BURNHAM: That -- I don't think there's anything like a 302 or something like that. Whether there's -- you know, someone took notes or something in talking to him, I just don't know the answer to that; but that's not some, you know, document that we have that would be the kind of official statement, the *Jencks* material, as it were, for the Secret Service agent, as I understand it.
>
> THE COURT: All right. Given that you hedged a little bit on your understanding, if there is a formal report by the agent, I would like to review it *in camera*.
>
> MR. BURNHAM: Yes, Your Honor. Yes, that's fine. We'll -- we'll take that back to the -- to the White House.
>
> THE COURT: And by "formal," I mean anything that the agent wrote, not -- not just [a] 302.
>
> MR. BURNHAM: Just so I make sure I understand --
>
> THE COURT: Sure.
>
> MR. BURNHAM: -- if a lawyer from the counsel's office has notes, you're not asking for that, but if the agent wrote a statement --
>
> THE COURT: Correct.
>
> MR. BURNHAM: -- like a declaration, that's what you mean?
>
> THE COURT: Doesn't even have to be sworn, but some sort of statement.

>MR. BURNHAM: Yes, Your Honor. No, I think I understand. And just to sort of - - happy to do that.

Tr. of Aug. 27, 2019 Hearing at 47:18–48:22.  Yesterday's notice confirmed that this exchange was correct.  *See* Defs.' Notice, ECF No. 25.  Plaintiff forming an inaccurate "understanding" based on his own misapprehension does not mean the Government left "the misimpression with Mr. Karem and the Court that they had obtained a 'statement' when they really had not done so." Pl.'s Notice at 2.

In any event, none of this has any bearing on the legal issues before this Court.  The Press Secretary stated that she "'would reach the same findings and decision without' the facts from the interview with the agent, making his statement ultimately irrelevant," Defs.' Opp'n at 33 (quoting Final Decision at 4 n.27), and due process does not, furthermore, require such notes to be shared. *See id.* at 32-33.

Finally, Defendants dispute the legal assertions in the remainder of Plaintiff's Notice, but as those issues are premature, they will not burden the Court with a response on those points at this time.

Dated: August 29, 2019                                  Respectfully submitted,

                                                        JOSEPH H. HUNT
                                                        Assistant Attorney General

                                                        JAMES BURNHAM
                                                        Deputy Assistant Attorney General

                                                        ERIC R. WOMACK
                                                        Assistant Branch Director


                                                        /s/ *Ashley A. Cheung*
                                                        ASHLEY A. CHEUNG (NY Bar No. 5405816)
                                                        JOSEPH E. BORSON (Va. Bar No. 85519)

Trial Attorneys, U. S. Dept. of Justice
Civil Division, Federal Programs Branch
1100 L St., NW
Washington, D.C. 20005
Tel.    (202) 616-8267
Ashley.Cheung@usdoj.gov
Joseph.Borson@usdoj.gov

*Attorneys for Defendants*