**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| BRIAN KAREM, | |
| Plaintiff, | |
| v. | Case No.:  19-cv-2514 (KBJ) |
| DONALD J. TRUMP, in his official capacity as President of the United States and in his individual capacity; and STEPHANIE GRISHAM, in her official capacity as White House Press Secretary and in her individual capacity, | |
| Defendants. | |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S**
**NOTICE OF SUPPLEMENTAL AUTHORITY**

Defendants respectfully submit this response to Plaintiff's August 29, 2019 Notice of Supplemental Authority, ECF No. 27.

In that notice, Plaintiff recites the following quotation from Press Secretary Grisham:

"Before doing something that could potentially get significant media attention, I wanted to make sure the president was aware," Grisham added.  "I went to him with my recommendation and he asked if I was sure, and I said, yes, I was sure.  And he said 'I support you,' and that was that."

ECF No. 27-1.

Plaintiff asserts that this quotation in an article demonstrates that the Press Secretary "was 'sure' about her decision to suspend Mr. Karem's hard pass before she announced her preliminary decision."  ECF No. 27.  But the most natural reading of this quotation is simply that the Press Secretary was sure about her *preliminary decision* (the decision to which Ms. Grisham was apparently referring in the quotation above) before issuing it, not that she had made up her mind about the *final* decision when issuing the preliminary decision.  That is especially so when the final

decision was issued two weeks later in the form of a 13-page, single-spaced document that provided substantial additional explanation of the bases for her decision.  Government counsel made essentially this point at Tuesday's hearing:

> MR. BURNHAM: On the decision-maker point, the only other point I wanted to make was -- sorry. Oh, the point about the President concurring. So -- so they do have this -- this thing about how in the preliminary decision she said that the President was aware and concurred. I'm really not sure what the significance of that is. I don't think it's at all surprising. I mean, the President obviously is the -- you know, the place where all the authority at the White House ultimately resides. And so having one of his senior staff members making him aware that that staff member is about to do something that will be significant and public and may very well lead to all of this, I don't think there's anything wrong with that. It certainly doesn't suggest that she's predetermined the whole process.

Tr. of Aug. 27, 2019 Hearing at 67:12-24.

As with his August 28, 2019 Notice, ECF No. 26, Plaintiff appears to be attempting to manufacture discrepancies where they do not exist.

Dated: August 29, 2019                    Respectfully submitted,

                                          JOSEPH H. HUNT
                                          Assistant Attorney General

                                          JAMES BURNHAM
                                          Deputy Assistant Attorney General

                                          ERIC R. WOMACK
                                          Assistant Branch Director

                                          /s/ *Joseph E. Borson*
                                          JOSEPH E. BORSON (Va. Bar No. 85519)
                                          ASHLEY A. CHEUNG (NY Bar No. 5405816)
                                          Trial Attorneys, U. S. Dept. of Justice
                                          Civil Division, Federal Programs Branch
                                          1100 L St., NW
                                          Washington, D.C. 20005
                                          Tel.     (202) 514-1944
                                          Joseph.Borson@usdoj.gov
                                          Ashley.Cheung@usdoj.gov

                                          *Attorneys for Defendants*